TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
BRITTNEY M. HARRIS (Cal. Bar No. 294650)
Assistant United States Attorneys
International Narcotics, Money Laundering,
   and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2274/0488
     Facsimile: (213) 894-0142
     E-mail:    benedetto.balding@usdoj.gov
                brittney.harris@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-cr-00427-VAP-2 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT THEODORE ARON GRIGSBY |
| v. | |
| THEODORE ARON GRIGSBY, aka "K-Capone, | |
| Defendant. | |

1.   This constitutes the plea agreement between Theodore Aron Grigsby ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

      a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Williams, et al.</u>, 19-cr-00427-VAP, which charges defendant with conspiracy distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii).

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

## THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

      c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant

agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 31 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

 4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), the following must be true: (1) there was an agreement between two or more persons to distribute methamphetamine; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

 5. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth

below, the government must prove beyond a reasonable doubt that defendant conspired distribute at least fifty grams of actual methamphetamine. Defendant admits that he knowingly and intentionally conspired to distribute at least fifty grams of actual methamphetamine.

6. Defendant further understands that the law may require the government to prove beyond a reasonable doubt that the type and quantity of the charged controlled substance fell within the scope of defendant's agreement and were reasonably foreseeable to defendant. Defendant admits that the distribution and possession with intent to distribute at least fifty grams of actual methamphetamine fell within the scope of defendant's agreement and was reasonably foreseeable to him.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), is: lifetime imprisonment; lifetime supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.  Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

12.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States

5

citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

13.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown and continuing until on or about August 1, 2017, defendant THEODORE GRIGSBY ("defendant") conspired with others, including co-defendants JAMES WESLEY WILLIAMS

("WILLIAMS"), and others, to knowingly and intentionally distribute methamphetamine, in excess of 50 grams.

At all relevant times, WILLIAMS was an inmate at Centinela State Prison and used a contraband cellular telephone to coordinate the distribution of drugs outside the prison. GRIGSBY, located in the Central District of California, would procure and supply methamphetamine to other individuals whom WILLIAMS would recruit to further distribute methamphetamine. In furtherance of the conspiracy, defendant committed the following acts:

- On May 30, 2017, using coded language in text messages, defendant agreed, at WILLIAMS's direction, to mail one pound of methamphetamine to co-defendants JASON VEAL and ALESHA BREWER.
- On June 1, 2017, using coded language in a text message, defendant confirmed that he would make methamphetamine available for co-defendant CIARA HILDRETH ("HILDRETH"), who was picking up the methamphetamine at the direction of WILLIAMS. On June 2, 2017, GRIGSBY sent, by text message, to WILLIAMS, a picture of drugs on a scale, indicating a weight of approximately one pound (452 grams). Defendant caused one-half pound of methamphetamine to be packaged in a neck pillow for HILDRETH to obtain.
- On June 5, 2017, GRIGSBY sent, by text message, to WILLIAMS, photographs of tracking receipts for two packages of methamphetamine that he assisted another co-defendant, MEAGAN WILNER ("WILNER"), send to Tennessee. Those packages contained approximately 654 grams of methamphetamine.

- On July 9, 2017, GRIGSBY packaged, in two pillows, three packages of methamphetamine for co-defendants SHEILA MILLER and MARISSA SPIRES to obtain.  GRIGSBY informed WILLIAMS, in coded language during a telephone conversation, about packaging these drugs.  Those pillows included approximately 1,277 grams of methamphetamine.

## SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            36      [U.S.S.G. § 2D1.1(c)(2)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant and the USAO agree that:

   a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce

8

another participant to do so) in connection with the offense charged in count one;

  b. The offense charged in count one did not result in death or serious bodily injury to any person; and

  c. Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count one and was not engaged in a continuing criminal enterprise.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

  a. The right to persist in a plea of not guilty.

  b. The right to a speedy and public trial by jury.

  c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

  d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

 20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

 21. Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 31 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law,

10

the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF COLLATERAL ATTACK

23. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

24. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

28.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

32.  Defendant understands that, except as set forth herein and in any contemporaneous agreement or addendum signed by all parties, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

*/s/*                                                                       10/12/21

BENEDETTO L. BALDING                                      Date
BRITTNEY M. HARRIS
Assistant United States Attorneys

_____                         _____
THEODORE ARON GRIGSBY                                     Date
Defendant

_____                         _____
JAMES BLATT                                               Date
Attorney for Defendant
THEODORE ARON GRIGSBY

CERTIFICATION OF DEFENDANT

I have read this agreement.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

16

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____         _____
BENEDETTO L. BALDING                    Date
BRITTNEY M. HARRIS
Assistant United States Attorneys

X /s/ *signature*                       10-12-21
_____         _____
THEODORE ARON GRIGSBY                   Date
Defendant

/s/ *signature*                         10-12-21
_____         _____
JAMES BLATT                             Date
Attorney for Defendant
THEODORE ARON GRIGSBY

CERTIFICATION OF DEFENDANT

I have read this agreement. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

representations of any kind have been made to me other than those contained in this agreement or in an agreement signed by all parties or on the record in court.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____     10-12-21
THEODORE ARON GRIGSBY                  Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am THEODORE ARON GRIGSBY's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement or in an agreement signed by all parties or on the record in court; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth

in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        10-12-21
JAMES BLATT                            Date
Attorney for Defendant
THEODORE ARON GRIGSBY